# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

COREY A. BENNETT, ET AL.,      )
                                 )
         Plaintiffs,            )
                                 )
VS.                               )         No. 19-1114-JDT-cgc
                                 )
TONY PARKER,              )
                                 )
         Defendant.          )

---

## ORDER REQUIRING PLAINTIFFS TO SUBMIT ADDITIONAL INFORMATION

---

The *pro se* complaint in this case, received and docketed on June 4, 2019, purportedly was filed jointly by Plaintiffs Corey Bennett, Anthony Draine, Deangelo Taylor and Zebulon Byrd, all of whom are incarcerated at the Hardeman County Correctional Facility (HCCF). (ECF No. 1.) The complaint appears to have been signed by each of the four Plaintiffs. (*Id.* at PageID 7.) However, Plaintiffs neglected to submit either the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or proper applications to proceed *in forma pauperis*.[1]

The Plaintiffs sue Tony Parker, Commissioner of the Tennessee Department of Correction, alleging that Parker has refused to take action against HCCF officials after those officials deliberately placed the Plaintiffs' lives in danger. Specifically, Plaintiffs allege that HCCF officials "disclos[ed] to high ranking members of the Vice Lord Gang that Plaintiffs Deangelo

---

[1] Plaintiff Bennett, who is a three-strike filer restricted by 28 U.S.C. § 1915(g), submitted no *in forma pauperis* affidavit. Though Plaintiffs Draine, Taylor and Byrd each submitted a separate one-paragraph pauper's oath, (ECF No. 3), they did not use the affidavit form required by this Court.

Taylor, Anthony Draine and Zebulon Byrd who are all Vice Lords were involved in homosexual activity with Plaintiff Corey Bennett." [2] (*Id.* at PageID 5.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his trust account statement for the six months immediately preceding the filing of the complaint. *Id.* § 1915(a)(2).

In this case, Plaintiff Bennett submitted no *in forma pauperis* affidavit of any kind and the pauper's oaths submitted by the other Plaintiffs are not on the correct form. Therefore, Plaintiffs Bennett, Taylor and Byrd are each **ORDERED** to submit, within 30 days after the date of this order, a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months.

---

[2] Another complaint with almost identical allegations also was mailed by Bennett to this Court, where it was opened as case number 19-1109-JDT-cgc on May 31, 2019. That complaint purportedly is filed by Bennett and 82 other prisoner Plaintiffs, including Deangelo Taylor and Zebulon Byrd. Bennett recently submitted several other complaints to the U.S. District Court for the Middle District of Tennessee regarding similar events that allegedly occurred at the Riverbend Maximum Security Institution. On June 17, 2019, eight of the cases in the Middle District were referred to the assigned Magistrate Judge for further proceedings. *See, e.g., Bennett, et al. v. Parker, et al.*, No. 3:19-cv-00406 (M.D. Tenn.) (Order referring cases, ECF No. 8).

When this case was opened, the Clerk mailed a copy of the docket sheet to each Plaintiff. On June 17, 2019, the Clerk docketed a letter that seems to be from Plaintiff Draine, although the document contains only his typed name and address rather than a signature. (ECF No. 4.) Draine states in the letter that he is unaware he has been named as a Plaintiff in any complaint filed in this Court.

In addition to the complaint itself and Draine's pauper's oath, each of which appears to bear his signature, there are attached to the complaint three separate affidavits signed by Draine, Taylor and Byrd in which they appear to give consent to be joined as Plaintiffs in this action. (ECF Nos. 1-1, 1-2 & 1-3 at PageId 8-13.) The affidavit ostensibly signed by Plaintiff Draine on May 27, 2019, states:

> I Anthony Draine a[n] inmate incarcerated at Hardeman County Correctional Facility do wish to participate in this class action lawsuit. I read all the content in this lawsuit and do swear under penalty of perjury that all the facts submitted in this lawsuit are true and correct to the best of my knowledge.

(ECF No. 1-2 at PageID 10-11.)

Plaintiff Draine is **ORDERED** to advise the Court, in writing and within 30 days after the date of this order, whether he did, in fact, sign the complaint, affidavit and pauper's oath filed in the case, and whether he intends to participate in this matter. If Plaintiff Draine does intend to participate, he also must submit, again within 30 days after the date of this order, a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months.

The Clerk is directed to mail each Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order. If any Plaintiff needs additional time to submit the necessary documents, he may, within 30 days after the date of this order, file a motion for an extension of time.

If a Plaintiff timely submit the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess his pro rata share of the $350 filing fee in accordance with the installment procedures of § 1915(b).[3]  However, if any Plaintiff fails to comply with this order in a timely manner the Court will deny him leave to proceed *in forma pauperis*, assess the pro rate share of the filing fee from his inmate trust account without regard to the installment procedures, and dismiss the action as to him without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  *McGore*, 114 F.3d at 605.

If any Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address.  Failure to abide by this requirement may likewise result in the dismissal of a Plaintiff's claims without further notice, for failure to prosecute.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff Bennett is reminded that as a three-strike filer under 28 U.S.C. § 1915(g), he will not be allowed to proceed *in forma pauperis* unless the complaint sufficiently alleges he was in imminent danger of serious physical injury at the time the complaint was filed.