UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| COREY A. BENNETT, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 19-1114-JDT-cgc |
| | ) | |
| TONY PARKER, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DISMISSING PLAINTIFFS TAYLOR AND BYRD,
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING BENNETT'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 4, 2019, this Court received and docketed a *pro se* complaint purportedly filed by four inmates who were incarcerated at the Hardeman County Correctional Facility: Corey Bennett, Anthony Draine, Deangelo Taylor and Zebulon Byrd. (ECF No. 1.) Plaintiff Bennett, who is a three-strike filer under 28 U.S.C. § 1915(g), is now incarcerated at the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee. (ECF No. 9.) The complaint names as Defendant Tennessee Department of Correction (TDOC) Commissioner Tony Parker. Because no Plaintiff submitted the $400 civil filing fee or a proper application to proceed *in forma pauperis*, this Court ordered Bennett, Taylor, and Byrd each to submit, by July 18, 2019, the required financial documentation. (ECF No. 5 at PageID 27.)

Plaintiff Draine, however, notified the Court that he was unaware he had been named as a Plaintiff in any complaint filed in this Court. (ECF No. 4.) The Court therefore ordered Draine to advise the Court whether he intended to participate in this matter. (ECF No. 5 at PageID 28.) On July 1, 2019, Draine responded to the Court's order and averred that he did not sign the complaint and had no desire or intent to participate in this matter. (ECF No. 6.) On July 8, 2019, the Court entered an order dismissing Draine from this action. (ECF No. 10.)

On July 12, 2019, Plaintiff Bennett filed a motion to proceed *in forma pauperis* and a certified copy of his trust account statement, as required in the Court's prior order. (ECF No. 11.) Plaintiffs Taylor and Byrd, however, have not submitted the required documentation, and the time within which to do so has expired. Accordingly, Plaintiffs Taylor and Byrd are hereby DISMISSED as parties to this case in accordance with the Court's June 18, 2019, order. (ECF No. 5 at PageID 29.) Plaintiff Bennett is the sole remaining Plaintiff in this matter.

Under the Prison Litigation Reform Act, §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b).  Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b).  Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).  The Sixth Circuit has upheld the constitutionality of this provision.  *Wilson v. Yaklich*, 148 F.3d 596, 602–06 (6th Cir. 1998).

Bennett has filed at least three previous civil actions while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[1]  Therefore, he may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury.  The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint.  *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561–62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x

---

[1] *See Bennett v. Isaacs, et al.*, No. 3:13-cv-299 (E.D. Tenn. Oct. 10, 2013) (dismissed as frivolous and for failure to state a claim); *Bennett v. Sexton, et al.*, No. 3:13-cv-494 (E.D. Tenn. October 15, 2013) (dismissed as frivolous and for failure to state a claim); and *Bennett v. Sexton, et al.*, No. 3: 13-cv-538 (E.D. Tenn. October 15, 2013) (dismissed as frivolous and for failure to state a claim).

796, 797–98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312–16 (3d Cir. 2001) (en banc).

The complaint alleges that Commissioner Parker has refused to take any action against prison officials who have put "Plaintiff's life in Danger by disclosing to High Ranking Members of the Vice Lord Gang" that the three former Plaintiffs had been involved in sexual activity with Bennett. (ECF No. 1 at PageID 5.) The complaint alleges that prison officials had gang members "put a hit out on" Taylor and Draine. (*Id.*) It further alleges that Bennett, Draine, and Taylor were "caught by Prison Officials" engaging in sexual activity and that prison officials "disclosed this" to gang members, "causing them to be Physically Beaten and put on Protective Custody." (*Id.*) The complaint alleges that Byrd "has been engaged to Plaintiff Corey Bennett [for] the past 5 years" and that prison officials disclosed this to gang members, putting Byrd's life in danger. (*Id.* at PageID 6.)

The complaint fails to sufficiently allege that Bennett was in imminent danger of any serious physical injury when the complaint was filed. The complaint alleges that former Plaintiffs Taylor, Draine, and Byrd faced potential future physical injury either because there was a "hit out" on them or because gang members learned of Byrd's alleged engagement to Bennett. However, the only allegation of injury to Bennett is that he was attacked in the past and put in protective custody. That allegation is insufficient to satisfy § 1915(g). *See Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception.").

The complaint therefore does not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address its merits unless Bennett first tenders the civil filing fee.

Accordingly, Bennett's motion to proceed *in forma pauperis* is DENIED pursuant to § 1915(g). This action is DISMISSED without prejudice. Bennett may, within twenty-eight (28) days after the entry of judgment, re-open the case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee.[2]

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal by Bennett or the other Plaintiffs in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Bennett has filed eight lawsuits in the U.S. District Court for the Middle District of Tennessee regarding similar events that allegedly occurred at the RMSI. On June 18, 2019, U.S. Magistrate Judge Alistair E. Newbern filed an identical order in all eight cases barring Bennett from filing any civil case in that Court that includes any Plaintiff other than himself, terminating every other Plaintiff from his pending cases in the Middle District of Tennessee, and directing the Clerk not to record any other Plaintiffs but Bennett in any future action he files. *Bennett v. Mays*, No. 3:19-CV-00406, 2019 WL 2524093, at *6 (M.D. Tenn. June 18, 2019). Bennett appealed the Court's order in three of the cases but also moved to dismiss all eight. *See, e.g.*, *Bennett v. Mays*, No. 3:19-CV-00406, ECF Nos. 16 & 17 (M.D. Tenn. July 12, 2019).